839 P.2d 421

**In the Matter of a Member of the State Bar of Arizona.**

**George V. COFFEY, Jr., Respondent.**

**No. SB–91–0020–D.**

**Disc. Comm. Nos. 87–0245, 88–0608 and 88–0984.**

Supreme Court of Arizona.

Oct. 29, 1992.

Harriet L. Turney, Chief Counsel, State Bar of Arizona.

Rosemary Martin, Clerk, Disciplinary Commission.

Shirley Murray, Membership Records, State Bar of Arizona.

Bruce Hamilton, Executive Director, State Bar of Arizona.

ORDER

FELDMAN, Chief Justice.

The Court having considered the proposed terms of probation submitted by the State Bar and Respondent's response,

IT IS ORDERED approving and adopting the following terms of probation:

1. Respondent shall undergo a law office audit performed by the Director of the State Bar Law Office Management Assistance Program (LOMAP) within 30 days of this order who will issue an audit report within 10 days of the audit.

2. Respondent shall implement the recommendations arising from the law office audit within 90 days of the audit report.

3. Respondent shall have a practice monitor under the supervision of the LOMAP Director. The Respondent shall have the burden of obtaining a monitor who is suitable to the State Bar and who will agree to be trained by the LOMAP Director.

4. The practice monitor shall meet with the Respondent no less than monthly during the first six months of probation and thereafter at a reduced frequency as recommended by the LOMAP Director.

5. The Respondent shall agree to random inspections of his office by the LOMAP Director or her designee to insure compliance with the audit recommendations and with timely and competent representation no more than bi-monthly.

6. The Respondent shall refrain from undertaking representation of any matters involving probate law.

7. The Respondent agrees that there will be no violations of the Rules of Professional Conduct during the period of his probation.

8. If Respondent fails to adhere to any of the terms of probation, the State Bar shall file a notice of non-compliance with the Hearing Committee which will convene a hearing within 30 days of the filing of the notice to determine non-compliance and to make such recommendations as are appropriate. Such recommendations will be submitted directly to the Supreme Court for final consideration.

9. Respondent shall pay the costs of the law office audit and all reasonable costs associated with the terms of probation.

Justice Martone dissents from the Court's deletion of the State Bar's proposed term 6 of probation, which would have required Respondent to advise all clients and prospective clients of his probationary status for the reason that the deletion wrongly suggests that a lawyer need not disclose his probationary status to prospective clients. Justice Martone believes that, as a fiduciary, a lawyer has an affirmative duty to disclose his status with the bar to clients and prospective clients. The deletion of proposed term 6 appears to sanction the breach of that duty.